UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---
AMILCAR RAMOS 12B2390

        plaintiff

v.                                      COMPLAINT
                                         jury trial

                                         09-CV-0453

CARL LUNDIN
MCCARTHY GIBSON
S.ALVAREZ
SYMKWIAK
FRANK CLARK
AMY GOLDSTEIN  defendants

---
individually and in thier
official capacities

## PLAINTIFF FIRST AMENDED COMPLAINT

Plaintiff Amilcar Ramos pro-se for his first amended complaint against defendants, officer Carl Lundin, police commissioner, Mccarthy Gibson, officer S. Alvarez, officer Symwiak, District Attorney Frank j. Clark, Assistance District Attorney Amy Goldstein, alleges as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3)and(4),and 2201.

2. Venue properly lies in this District puruant to 28 U.S.C. SECTION 139(b)(2), because the events giving rise to this cause of action occurred in Buffalo New York, which is located within the Western District of states.

### PARTIES

3. Plaintiff Amilcar Ramos is and was, at all times relevant hereto, a prisoner in the custody of the State Department of

1

Corrections (N.Y.S.D.O.C.) at the time of the events relevant hereto. AMILCAR RAMOS (plantiff) reside at 340 RhodeIsland in Buffalo New York. Ramos is currently incarcerated at the Attica Corr. Fac. )Attica(

4. Defendant Carl Lundin is an Buffalo Police Police Officer, who at all times relevant hereto was assigned to BPD.

5. Defendant Mccarthy Gibson is an Buffalo Police Commissioner who at all times relevant hereto was assigned to BPD.

6. Defendant S. Alvarez is an Buffalo Police Officer, who at time is relevant hereto was assigned to BPD.

7. Defendant Symwiak is an Buffalo Police Officer, who at the time is relevant hereto was assigned to BPD.

8. Defendant Frank J. Clark is an Erie County District Attorney who is at all times relevant hereto was assigned to District Attorney office.

9 Defendant Amy Goldstein is an Erie County Assistance District Attorney, who at all times relevant hereto was assigned to District Attorney office.

## PREVIOUS LAWSUITS BY PLAINTIFF

10. Plaintiff has filed other law suit dealing with the same facts involved in this action or otherwise relating to false Arrest, States of ny court of claims erie county #115975 Judge Richard E.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff exhaustion of his adminstrative remedies of the false criminal charges and malicious pro secution and the remedy action of the exhaustion of the plaintiff being exonerated acqittied (declare free from blame as innocent) from the false criminal charges.

FACTS

12. Plaintiff resided at 340 Rhode Street, Buffalo New York, August 30, 2007

13. At approxomately 9:30 pm, while vehicle was a passenger in a grey Mercury Lesable (vehicle) in route to Helene Arroyo residenc located at 10 Hertal st, Bflo, N.Y.(ms Arroyo) is plaintiff mothe

14. Approximately 9:30pm,while vehicle was in transitioning from from BUSH st onto Grote st,defendants Carl Lundin and John doe Police officer approached with guns drawn,without no justifitable cause,nor any provocation.The defendant Lundin maliciously discharged his weapon causing one bullet to enter vehicle back window,striking the plaintiff in the left back shoulder area.The inflicted bullet caused the plaintiff serious injuries of a gun shot wound to his leftshoulder causing extreme un bearable pain. The defendant Lundin bullet is presently lodged within plaintiff Eighth and fourteenth amendment constituional rights U.S.C.A. const. Amend-8,,14,

15  The Buffalo Police Department Officer, S.Alvarez, and Officer Symiak,later arrested plaintiff on false charges within sisters hospital following admission.

16. The trump up false arrest charges were orchestrated by the police officers try to cover up the unjustify,unlawful police shooting. The defendant Lundin was employed by Buffalo Police Dept,acting uder color of law,at no time during above desribed events was plaintiff armed with any weapon,norany threat to safet of himselfor others,he had not committed any criminal offense.

17. The BPD Officers Alvarez an Symkwiak had no warrant nor any proable cause for arresting plaintiff nor any legal cause or excuse to seize the plaintiff liberty.The D.A Frank Clark and A.D A. Goldstein,had no fundamental justification for the malicious prosecution of the false criminal charges proceeding and trial proceeding thereof.

3

for the malicious prosection of the false criminal charges proceeding and trial proceeding thereof.

18. On August 30, 2007 i was arrested at 11:09pm on charges Att. Ass. on a police officer with a deadly weapon, PL 120.11 criminal possession of controlled substance in the 7th degree Pl. 220.03

19. August 31, 2007 i was aranged and bail was set at a half a million dollar at the request of the A.D.A. for the charges P.L. 120.11, P.L. 220.03 in Buffalo City Court.

20. On September 11, 2007 a felony hearing was held in Buffalo CIty Court, for the following charges P.L. 120.11 P.L. 220.03 arestting officers never testified at the hearing for the possession of controlled substance in the 7th degree. Officer Carl Lundin testified at hearing i was the driver of the vehicle in question and that there was only two suspects in the car on the day of the alleged incident. At        the end of the hearing the Honorable Judge dismissed the criminal possession of controlled substance in the 7th degree P.L. 220.03

21. And, held up for the grandjury Attempted Assault on a police officer with a deadly weapon P.L. 120.11

22. On October 26, 2007 i was indicted # 02167-2007 on the following charges:

FIRST COUNT: ATTEMPTED AGGRAVTED ASSAULT ON A POLICE OFFICER Buffalo Police Officer Carl Lundin engaged in the course of performing his official duties attempted to cause such injury by attempting to strike officer with with a dangerous instrument.

SECOND COUNT: RECKLESS ENDANGERMENT IN THE FIRST DEGREE: Depraved indifference to human life recklessly engaged in conduct which created a grave risk of death to another person, to wit a police officer.

THIRD COUNT: CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVEN DEGREE, Knowingly and unlawfully possessed a control substance, to wit cocaine.

FOURTH COUNT: SPEEDING IN VIOLATION OF VEHICLE AND TRAFFIC LAW % 1180(9) operated a motor vehicle upon a public highway at a speed greater than was reasonable and prudent under the conition and hazards then existing.

23. Arraingment on this indictment has been schedled for November 1, 2007, at 9:30 a.m. before the Hon. M. Willliam Boller J.S.C. presidinf at Supreme Court, Part 13.

24. Upon pre- trial discovery date unknown at this time, There was ample evidence to prove my innocents.

(a) upon statements and memorandum submitted to Carl Lundin superior pertaining to the incident he stated that there was only two people in the motor vehicle at the time in question.

(b) Upon the night of the incident over the police transmission officer Lundin said over the radio that there was three people in the vehicle at the time of the alleged crime.

(c) Upon District Attoreny investi gation, DNA swabs where taking from the driver side vehicle, and there was no blood DNA found in the driver seat of vehicle, and there was no DNA swabs. tooking from the back passenger area.

(d) Also upon these stages, the assistant district attorney rleased the vehicle in question, back to Budgets rental car service, without giving plaintiff notice, so that are expert could had a chance to do are own testing of the vehicle.

(e) Upon receiveing pictures from assistant district attorney of the vehicle interior on the back passenger seat where Officer Lundin discharged his firearm through that window, there was dried up spots which appeared to be blood spots.

(f) Also plaintiff was never charged wit unauthorized use of vehicle: without owners consent % P.L. 165.05 sub 1, accordnly to budgets car rental plicy, plaintiff was never on the list to drive that vehicle in question.

(g) also upon this issue, how could plaintiff be charged wit a speeding violation, and not be charged wit motor vehicle license violation VTL 0509 sub 1, cause plaintiiff had no license on August 30, 2007.

25. Upon assistant district attorney summation she told jury,(WHO CARES THAT THE POLICE SHOT PLAINTIFF).

26. On July 18, 2008 upon the jury verdict plaintiff was acquitted on: ATTEMPTED ASSAULT ON A POLICE OFFICER WITH A DEADLY WEAPON, RECLESS ENDANGERMENT 1ST DEGREE, VIOLATION MAXIMUM SPEED LIMITS, was convicted on, CRIMINAL POSSESSION CONTROLLED SUBSTANCE 7th DEGREE, upon my admission of possession.

27. Such actions would had constituted attempt murder om plaintiff.

28. Plaintiff commenced this via 42 U.S.C. 1983 wdny complaint form (revised) 03-06 dated 2, 2009 subsequently filed May 12, 2009 under case number 09-CV-0453 (JJM) plaintiff completed WDNY COMPLAINT FORM without legal knowledge or assitances, an still lack legal knowledge and assistance.

29. Plaintiff will be effectively preciuded from liligating this case in any meaningful sense witjout amending complaint.

30. A preious application for the relief requested herein has bee bben made.

## FIRST CLAIM

31. On August 30, 2007 around 9:30pm Buffalo Police Officer Carl Lundin, while on bush st in the city of Buffalo, had no justifiable cause to fire his weapon which plaintiff was shot in the back left shoulder inflicted bullet caUSEd serious injuries. The defendant bullet is presently lodged within plaintiff back chest cavity area. The defendant maliciously use of excessive deadly force is withoutprobable cause maliciously to prosecute plantiff on false charges, lied and fabricated evidence to justify his discharg of his firearm. The Proceeding was begun with malice, and punitive damages which cause plaintiff a year an a half in jail, and a unsubstantial amount of legal fees, along with property lose, where in violation of plaintiff Eighth and fourteenh andfourth and first amendment constitutional rights u.s.c.a amend 8,14,4,1.

## SECOND CLAIM

32. On August 30, 2007 Buffalo Police Commissioner Mccarthy Gibson failed to conduct an investagation on the shooting of plaintiff being shoot after plaintiff prove his innocents, and was acquttied on July 18, 2008 and no action was taking on carl lundin. About shooting a innocent man, such actins would had constituted attemot murder on plaintiff.

## THIRD CLAIM

33. Buffalo Police Officer S. Alvarez had no warrant nor any proable cause to arrest me on August 30, 2007 at 10:30pm in sister hospital.

## FOURTH CLAIM

34. Buffalo Police Officer Symkiak had no warrant nor any proable cause to arrest me on August 30, 2007 at 10:30pm in sisters hospital.

## FIVE CLAIM

35. District Attorney Frank J. Clark, had no fundamental just justification for the malicious prosecution of the false criminal charges proceeding and trial proceeding thereof, plaintiff was acquttied on July 18, 2008.

## SIX CLAIM

36. District Attorney Assistance Amy J. Goldstein, had no fundamental justification for the malicious pro section of the false criminal charges proceeding andtrial proceeding thereof plaintiff was acquttied on July 18, 2008.

WHEREFORE, Amilcar Ramos prays for judgment in his favor and damages in his favor against all defendants in an amount suffcien Ᵽ to compensate him for the pain and mental anguish suffered by him due to the deliberate indifference and intentional misconduct of defendants, but in no evevnt less than $10,000,000 and such additional relief as the court may deem just and proper.

Respectfully submitted

_____
AMILCAR RAMOS
  PLAINTIFF

CC.