UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMICAR RAMOS,

                              Plaintiff,

v.

CARL LUNDIN,

                              Defendant.
_____

**REPORT AND RECOMMENDATION**

09-CV-00453-WMS-JJM

Before the court is defendant Carl Lundin's motion for summary judgment [106],[1] which has been referred to me for initial consideration [22]. Having reviewed the parties' submissions [106, 108, 109] and heard oral argument on July 12, 2017 [111], for the following reasons I recommend that the motion be denied.

## BACKGROUND

This is a 42 U.S.C. §1983 action in which plaintiff alleges that defendant, a City of Buffalo police officer, used excessive force on August 30, 2007 by shooting at an automobile in which plaintiff was a passenger, striking plaintiff. Second Amended Complaint [83]. For purposes of this motion, I accept as undisputed the following facts as recited in defendant's Statement of Facts [106-2].[2]

At approximately 9:00 p.m. on that day, defendant and his partner, Officer Thomas Serco, began following a vehicle which turned onto Grote Street in the City of Buffalo

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Rather than pointing to opposing facts in the record, plaintiff argues only that the jury would not be required to credit defendant's testimony. *See* plaintiff's Response [108-1], ¶¶4-12, 14. That response does not create an issue of fact. *See* Dominick v. Hospitality Valuation Services, Inc., 2013 WL 5460654, *1 (E.D.N.Y. 2013) ("to the extent that Plaintiff disputes facts in Defendants' 56.1 Statement on the grounds of credibility without any admissible evidence in support, the Court will deem those facts admitted").

without signaling, prompting the officers to activate their vehicle's overhead lights. Defendant's Statement of Facts [106-2], ¶¶1, 3, 5. The vehicle then pulled into a driveway on Grote Street and the officers used their vehicle to attempt to block it. Id., ¶6. Although the vehicle was able to reverse out of the driveway by striking the officers' vehicle, the officers' vehicle was able to block it from proceeding on Grote Street. Id., ¶¶7-8. As the officers exited their vehicle, a passenger left exited plaintiff's vehicle and fled on foot. Id., ¶¶9-10. Officer Serco told defendant that the passenger had a gun and began chasing him. Id., ¶11. This prompted defendant to draw his weapon and command the driver to turn off the vehicle. Id., ¶12.

From that point on, however, the parties' versions of events diverge. Defendant testified at his deposition that plaintiff's the vehicle came "directly at" him, "was intentionally trying to strike" him, and "only missed [him] by three inches". [106-3], pp. 22-23 of 50. At that point defendant ran after the vehicle, "not to chase him and apprehend him on foot", but instead "to obtain the [license] plate". Id., p. 23 of 50. He testified that the vehicle then "stopped, put itself in reverse and attempted to run [him] over", prompting him to fire one shot at the vehicle from a distance of 10 to 15 feet. Id., p. 30 of 50.

Disputing defendant's version of events, plaintiff states: "I was not the driver of the vehicle . . . . When the driver initially drove past Officer Lundin . . . the driver did not drive directly at Officer Lundin, but instead attempted to drive around Officer Lundin to get away from the scene. After the vehicle had moved past Officer Lundin, it was making a clean getaway. Officer Lundin then chased the vehicle on foot and fired into the back of the vehicle as it was moving away from Officer Lundin. Contrary to Officer Lundin's testimony, the vehicle never stopped, much less went in reverse in any attempt to run down Officer Lundin. As a result of

Officer Lundin firing at a vehicle moving away from him, I was shot through the back of my shoulder." Ramos Affidavit [108-3], ¶¶2-6.

In moving for summary judgment, defendant argues that "the vehicle that contained plaintiff posed an immediate risk to [him]. Therefore, [his] use of deadly force by firing a single shot at the vehicle was objectively reasonable, or, in the alternative, qualified immunity shields him from personal liability for his conduct". Defendant's Memorandum of Law [106-11], p. 6.

## ANALYSIS

### A.  The Standard for Summary Judgment

"Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).

### B.  Has Defendant Established That His Conduct Was Objectively Reasonable as a Matter of Law?

Excessive force claims "should be analyzed under the Fourth Amendment and its reasonableness standard", which "is an objective one". " Graham v. Connor, 490 U.S. 386, 395,

397 (1989). "It is not objectively reasonable for an officer to use deadly force to apprehend a suspect unless the officer has probable cause to believe that the suspect poses a *significant* threat of death or serious physical injury to the officer or others." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 36 (2d Cir. 2003) (emphasis added). Therefore, "[d]eadly force may be used only where a fleeing suspect poses a *grave* risk of harm to the officer or others". Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 762, n. 4 (2d Cir. 2003) (emphasis added). "The reasonableness of the officer's decision depends . . . upon the officer's knowledge of circumstances immediately prior to and at the moment that he made the split-second decision to employ deadly force." Cowan, 352 F.3d at 762.

    Defendant argues that "[a]t the moment just before pulling the trigger, plaintiff's vehicle was bearing down on [him]. This fact demonstrates that [he] reasonably believed that his wife was in danger, and that therefore there was no constitutional violation." Defendant's Memorandum of Law [106-11], p. 6. However, an identical claim was rejected as the basis for summary judgment in Cowan. There, as here, the officer who fired shots at a vehicle claimed that he did so because the vehicle was "bearing down on him" (362 F.3d at 762), yet the plaintiff offered evidence that the vehicle was instead "travelling slowly" (id. at 763).

    In affirming the denial of the officer's motion for summary judgment, the court reasoned that "in order to accept [defendant's] argument that, as a matter of law, his actions were objectively reasonable, one would have to accept, as a matter of *fact,* that the Camaro was bearing down on him as he waved his hands, signaling Cooper to stop. Such facts are in dispute . . . . [A]ccepting [plaintiff's] version of the facts reveals that [defendant] is not entitled to judgment as a matter of law". Id. (emphasis in original).

As in Cowan, plaintiff here disputes defendant's claim that the vehicle was "bearing down on him". In both his Affidavit [108-3] as well as in his Answers to Interrogatories ([106-7], ¶¶12, 15), plaintiff states under oath that his vehicle was moving *away* from defendant at the time he was shot. Since defendant acknowledges that "[p]laintiff's statements must be accepted as true at this stage of the litigation" (Lee Reply Declaration [109], ¶15(a)), I cannot conclude as a matter of law that defendant's decision to shoot was objectively reasonable.

**C.  Has Defendant Established His Entitlement to Qualified Immunity as a Matter of Law?**

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." White v. Pauly, __ U.S.__, 137 S. Ct. 548, 551 (2017). The "dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted". Saucier v. Katz, 533 U.S. 194, 202 (2001).

Since I have concluded that factual issues preclude summary judgment as to whether defendant's actions were objectively reasonable, I likewise recommend denial of his claim to for summary judgment as to qualified immunity, to the extent it is based on the perception of danger to himself. *See* Cowan, 352 F.3d at 764 ("this question - whether it was reasonable for [defendant] to believe that his life or person was in danger - is the very question upon which we have found there are genuine issues of material fact. Because in this case genuine, material, factual disputes overlap both the excessive force and qualified immunity issues, summary judgment must be denied"); Frederique v. County of Nassau, 168 F. Supp. 3d 455, 479 (E.D.N.Y. 2016) ("summary judgment on qualified immunity grounds is inappropriate

where genuine issues of fact preclude a finding that an officer's actions were objectively reasonable").

In addition to claiming that plaintiff's vehicle posed a danger to himself, defendant argues that "it is not beyond debate whether [the] vehicle was a threat to others as it took off down the road". Lee Reply Declaration [109], pp. 4-5. However, "[a]rguments may not be made for the first time in a reply brief", Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993). Moreover, I find this argument unpersuasive even if it had been timely raised. While defendant argues that "O'Brien v. Barrows, 2013 WL 486655 (D. Vt. 2013), aff'd, 556 Fed. Appx. 2 (2d Cir. 2014) governs the shooting in this case" (defendant's Memorandum of Law [106-11], p. 6), the facts of that case are significantly different from those here.

In O'Brien, the officer fired shots at a vehicle as it was leaving a gas station. At the time of the shooting, that officer was "confronted with a driver who: (1) was the subject of an erratic driving report; (2) had responded to the presence of a marked cruiser in front of his car, with a uniformed officer exiting it, by backing away; (3) had proceeded to drive his car about five feet from the officer, who was now on foot and displaying his gun; (4) had slammed on the gas and taken off when the officer pointed his gun at him; and (5) was exiting a congested gas station and headed towards a busy road." O'Brien, 2013 WL 486655, *7. In light of those factors, the court concluded that the officer "had reason to believe the Plaintiff posed a threat to other drivers, as well as to himself". Id., *8.

Here, however, defendant never testified that he believed plaintiff's vehicle posed a threat to others. In fact, in response to question 33 of the "Firearms Use Report" [106-6] ("Why did you use your weapon?"), defendant checked the box entitled "Protect Self", but not the box entitled "Protect Citizen". Whereas the driver in O'Brien was "headed toward a busy road",

defendant here argues only that plaintiff's vehicle was "heading towards a main street" (defendant's Memorandum of Law [106-11], p. 8), but cites no specific evidence as to the level of traffic on that street or the speed of the vehicle prior to the shooting.[3]

At the time of this incident, the law made clear that an officer cannot use deadly force against a fleeing suspect merely because that suspect poses a threat to the officer or others: unless the threat was "significant" (O'Bert, 331 F.3d at 36) or "grave" (Cowan, 352 F.3d at 762, n. 4), use of deadly force would be objectively unreasonable. "In the excessive force context, summary judgment should not be granted on the basis of a qualified immunity defense premised on an assertion of objective reasonableness unless the defendant shows that no reasonable jury, viewing the evidence in the light most favorable to the plaintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law." O'Brien, 556 Fed. App'x at 4.

Viewing the evidence in the light most favorable to plaintiff, including the fact that at the time of the shooting plaintiff's vehicle was driving away from defendant, "making a clean getaway", and that defendant listed the threat to himself, rather than the threat to others, as the reason for the shooting, I conclude that defendant has failed at this point to establish that no reasonable jury could find that his actions were objectively unreasonable as a matter of law. Whether or not he can make that showing upon a more complete record at trial is a question not before me.[4]

---

[3]   Although defendant testified at his deposition that plaintiff's vehicle "was speeding away", that was *after* he fired the shot. [106-3], pp. 30-31 of 50. Moreover, he admitted that the vehicle had "a clear shot down the street", and that "nothing was stopping [it] from going right down the road". Id., p. 39 of 50.

[4]   "As the case proceeds to trial, it should be noted that although the factual disputes in the instant case that must be resolved by the jury go both to the excessive force and to the qualified immunity questions, the qualified immunity issue is a question of law better left for the court to decide . . . . Thus, if

**CONCLUSION**

For these reasons, I recommend that defendant's motion for summary judgment [106] be denied. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by August 1, 2017. Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 18, 2017

          /s/ Jeremiah J. McCarthy
          JEREMIAH J. MCCARTHY
          United States Magistrate Judge

---

the jury finds that [defendant] used excessive force against [plaintiff], the court should then decide whether [defendant] is entitled to qualified immunity." Cowan, 352 F.3d at 764.